UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAYLOR LAMBERT,

Plaintiff,

v.

INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS, *et al.*,

Defendants.

Civil Action No. 24-0227 (CKK)

**MEMORANDUM OPINION & ORDER**
(February 4, 2025)

Plaintiff Taylor Lambert, proceeding *pro se*, filed this lawsuit in the Superior Court of the District of Columbia, alleging that she was subjected to unlawful employment discrimination during her employment with the International Union of Bricklayers and Allied Craftworkers ("BAC"). *See* Am. Compl., ECF No. 1-2 at 28–52. The defendants in this action—BAC and two of its agents—removed this case from the D.C. Superior Court to this Court after Lambert served them with an Amended Complaint in January 2024. *See* Notice of Removal, ECF No. 1. Now before the Court is Lambert's [9] Motion to Remand ("Motion" or "Mot."), in which she argues that remand is proper because her claims arise solely under D.C. law. Mot., ECF No. 9, at 3–4. The Defendants oppose the Motion, arguing that this court has federal-question jurisdiction over some of Lambert's claims and supplemental jurisdiction over her related D.C.-law claims. Defs.' Mem. in Opp'n ("Opp'n"), ECF No. 10, at 2–4. Upon consideration of the parties' submissions,[1] the relevant legal authorities, and the entire record, the Court concludes that Lambert's claims arise solely under D.C. law and shall **GRANT** the Motion to Remand.

---

[1] The Court's consideration has focused on the Plaintiff's Amended Complaint, ECF No. 1-1 at 55–65; the

1

## I. BACKGROUND

Lambert served an Amended Complaint on BAC on January 4, 2024, and on BAC's agents Timothy Driscoll and Candice Dubberly on January 11, 2024. *See* Notice of Removal, ECF No. 1, ¶ 1.

In her complaint, Lambert alleges that BAC and its agents discriminated against her and other BAC employees based on race and other protected characteristics when developing and implementing a policy requiring that its employees be vaccinated against the virus that causes COVID-19. *See* Am. Compl. at 2–6. Lambert alleges that BAC's policy and implementation decisions had a "disparate impact solely on their Black employees" and amounted to unlawful "disparate treatment." *Id.* at 2, 10, 17–20. She also alleges that BAC and its agents invaded her privacy, harassed her, created a hostile work environment, and improperly concluded she had resigned when she had not in fact done so. *Id.* at 6–7, 11–16. And she alleges that the Defendants actions amount to negligent infliction of emotional distress. *Id.* at 16–17. Lambert raised similar claims in a prior case filed in the D.C. Superior Court, which BAC removed to this Court and this Court later dismissed. *See Lambert v. Int'l Union of Bricklayers & Allied Craftworkers* (*Lambert I*), No. 23-cv-309, 2023 WL 6388953, at *12 (D.D.C. Sept. 29, 2023) (CKK), *aff'd in part*, No. 23-7145, 2024 WL 2790386 (D.C. Cir. May 29, 2024).

Lambert also states in her complaint that she "met all deadlines for EEOC, which was cross-filed with the DC office of Human Rights, as well as the District and Superior court's filing periods." Am. Compl. at 23. The Court interprets this statement as an assertion that Lambert filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which she cross-filed with the D.C. Office of Human Rights. *See id.*;

---

Defendants' Notice of Removal, ECF No. 1; the Plaintiff's Motion to Remand, ECF No. 9; the Defendants' Memorandum in Opposition to that Motion, ECF No. 10; and the Plaintiff's Reply in support of the Motion, ECF No. 13.

*see also* 42 U.S.C. § 2000e-5(e)(1) (establishing deadlines and other procedures for filing charges with the EEOC); 42 U.S.C. § 2000e-5(f) (providing that, after exhausting administrative remedies before the EEOC, the "person claiming to be aggrieved" may file a civil action within 90 days of the EEOC giving notice that it has not taken certain actions).

The Defendants filed a Notice of Removal in this Court on January 25, 2024, attaching Lambert's EEOC Charge of Discrimination as an exhibit. *See* Notice of Removal, ECF No. 1; Defs.' Ex. 1, ECF No. 1-1. The Defendants' exhibit shows that Lambert alleged to the EEOC that during her employment at BAC, she had "been discriminated against based on" protected characteristics including her religion, race, color, and sex, and that she had been retaliated against, all "in violation of . . . Title VII of the Civil Rights Act of 1964, as amended." Defs.' Ex. 1 at 3.

Soon after removal, the Defendants filed a motion to dismiss, arguing that Lambert's claims are barred by this Court's decision in her prior case under the doctrine of claim preclusion. *See* Defs.' Mot. to Dismiss, ECF No. 7. Lambert then filed the pending motion to remand to the D.C. Superior Court, which the Defendants oppose. *See* Mot., ECF No. 9; Opp'n, ECF No. 10. Lambert's motion is now ripe for decision.

## II. LEGAL STANDARD

A defendant may remove a civil case to federal district court by filing a notice of removal "within 30 days" after receiving a copy of the plaintiff's initial pleading, so long as the federal district court has subject-matter jurisdiction to decide the case. 28 U.S.C. § 1441(a), 1446(a). As the party invoking federal jurisdiction, the removing defendant "bears the burden of proving that jurisdiction exists in federal court." *Steele v. Salb*, 681 F. Supp. 2d 34, 36 (D.D.C. 2010) (CKK) (quoting *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (JDB)). If the federal district court lacks subject-matter jurisdiction over a case that a defendant

3

has removed from the Superior Court of the District of Columbia, the federal court must remand the case back to the Superior Court. *See* 28 U.S.C. §§ 1447(c), 1451; *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

### III. ANALYSIS

It is undisputed that Defendants' notice of removal was timely. Defendants removed this case to this Court by filing a notice of removal on January 25, 2024, which was less than 30 days after Lambert served the Defendants with her Amended Complaint. *See* Notice of Removal, ECF No. 1. Because Defendants filed notice of removal within 30 days, removal was timely. *See* 28 U.S.C. § 1446(a).

Whether remand is proper therefore turns on whether there is federal subject-matter jurisdiction over this case. Because this Court agrees with Lambert that the Defendants have not carried their burden of establishing federal subject-matter jurisdiction, this case shall be remanded.

Here, the only basis the Defendants have offered for federal subject-matter jurisdiction is that Lambert's complaint purports to state claims arising under federal law. *See* 28 U.S.C. § 1331 (providing that federal district courts have original jurisdiction in civil cases "arising under the Constitution, laws, or treaties of the United States"). A claim arises under the laws of the United States if "a right or immunity" created by federal law is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936). However, federal-question "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). And the basis for federal-question jurisdiction must appear "on the face" of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, the plaintiff is "the master of the claim; [s]he . . . may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

4

In her Motion, Lambert asserts that her claims rest exclusively on D.C. law rather than on federal law. *See* Mot. at 3–4. Unlike her complaint in the prior, related case that this Court dismissed, Lambert's complaint does not assert a federal-law basis for her claims. *See* Am. Compl. at 21; *cf. Lambert I*, 2023 WL 6388953, at *5. Instead, the operative complaint in this case asserts that "[a]ll charges and claims in this complaint fall under [t]he District of Columbia's Codes." Am. Compl. at 21. The complaint does not mention federal law. *See id.*

Contrary to Lambert's own representations about the scope of her claims, the Defendants argue that Lambert is asserting federal claims in this case. *See* Defs.' Opp'n at 2–3. In support of this theory, the Defendants note that Lambert's complaint refers to "disparate impact" and "disparate treatment" and references a Charge of Discrimination filed with the EEOC, in which Lambert alleged specific violations of federal law arising from the same events described in her complaint. *See id.*; Am. Compl. at 23; Defs.' Ex. 1, ECF No. 1-1, at 2–3. In that EEOC Charge, Lambert alleged that she had "been discriminated against" on the basis of her religion, race, color, and sex and that she had been retaliated against, all "in violation of . . . Title VII of the Civil Rights Act of 1964, as amended." Defs.' Ex. 1 at 3.

However, Lambert's references to "disparate impact" and "disparate treatment," without more, do not support the exercise of this Court's federal-question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, Lambert's mere use of terms that might be relevant to a federal-law discrimination claim does not support the exercise of federal jurisdiction without a more specific reference to a federal source of the claim. *See, e.g., Fields v. District of Columbia*, 155 F. Supp. 3d 9, 12 (D.D.C. 2016) (TSC)

5

(concluding that references to "substantive and procedural due process rights," without more, did not confer federal-question jurisdiction); *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 195–96 & n.9 (D.D.C. 2015) (RBW) (concluding that a complaint's reference to "constitutional violations" and "unlawful conversion of property" did not confer federal-question jurisdiction); *Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69, 72 (D.D.C. 2011) (GK) (concluding that a complaint's "references to the Fourth Amendment," without more, did not confer federal-question jurisdiction where the plaintiffs did not allege "any violation of the Fourth Amendment" or "seek any relief under the Fourth Amendment").

Nor does Lambert's brief reference to her EEOC Charge of Discrimination in her complaint support the exercise of this Court's federal-question jurisdiction based on allegations contained in that Charge. As other federal district courts have recognized, it is improper to consider allegations in a plaintiff's EEOC Charge of Discrimination when assessing federal-question jurisdiction if the plaintiff has manifested a clear intention to proceed exclusively under state law. *See, e.g.*, *Kay v. Friendly's Ice Cream, LLC*, No. 14-cv-14062-IT, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014) (noting that because administrative complaints in employment cases often contain both state-law and federal-law allegations, a contrary rule would have the unworkable consequence of "converting nearly every discrimination claim filed in Massachusetts into a question of federal law" and "would improperly eradicate a plaintiff's role as 'master of [her] claim' " (alteration in original) (quoting *Caterpillar*, 482 U.S. at 392)); *Rodriguez v. Conagra Foods, Inc.*, No. 4:02-cv-752-A, 2002 WL 31548746, at *2 (N.D. Tex. Nov. 12, 2002) (rejecting a defendant's argument that referencing an EEOC charge stating federal claims "transforms plaintiff's petition into one asserting federal claims" because that approach would

improperly deprive the plaintiff of the ability to "sue on the state-law claim only" and therefore "avoid removal").

Here, the Plaintiff's complaint neither expressly incorporated nor attached the EEOC Charge of Discrimination; instead, it merely mentioned that the plaintiff had "met all deadlines for EEOC" without describing the substance of the allegations she raised in her administrative complaint. *See* Am. Compl. at 23. Moreover, Lambert emphasizes in her *pro se* Reply in support of her motion to remand that her "refiled case is not tied to the EEOC in any ongoing or substantive manner" and reiterates that her claims arise "under DC laws/codes." Reply at 4; *see Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015) (noting that district courts must construe the allegations in a *pro se* complaint in the context of later submissions that "were intended to clarify the allegations in the complaint"). Under these circumstances, the federal-law claims raised in the Plaintiff's EEOC Charge of Discrimination are not part of the complaint and do not confer federal-question jurisdiction on this Court.

In sum, upon consideration of the parties' submissions, the relevant authority, and the entire record in this case, the Court concludes that Lambert—exercising her prerogative as "the master of the claim"—intended in this case to rely exclusively on D.C. law, rather than federal law, as the basis for her claims. *See Caterpillar*, 482 U.S. at 392. This Court therefore lacks federal-question jurisdiction to adjudicate her claims. *See id.* Because the Defendants have not identified any other basis for this Court's subject-matter jurisdiction, they have not carried their burden of establishing federal jurisdiction. Therefore, this case must be remanded to the D.C. Superior Court.[2] *See* 28 U.S.C. §§ 1447(c), 1451.

---

[2] In concluding that this case must be remanded to the D.C. Superior Court, this Court expresses no view on the merits of the Defendants' pending motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Lambert's [9] Motion to Remand is **GRANTED** and this case is **REMANDED** to the Superior Court of the District of Columbia.

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum Opinion and Order to *pro se* Plaintiff Lambert at her address of record.

**SO ORDERED.**

Dated: February 4th, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge